## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

        v.                    **ORDER**
                            Criminal No. 15-264 ADM

Richard Wayne Custer,

        Defendant.

_____

John E. Kokkinen, Esq., Assistant United States Attorney, United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

Thomas C. Gallagher, Esq., Gallagher Criminal Defense Services, Minneapolis, MN, on behalf of Defendant.

_____

On November 3, 2015, Richard Custer pled guilty to conspiracy to commit health care fraud in violation of 18 U.S.C. § 371.  Plea Agreement [Docket No. 10].  At Custer's February 9, 2016 sentencing, the determination of restitution was deferred until Custer's co-defendant, Boris Leo Rabichev's case, was resolved.  See Sentencing J. [Docket No. 24].

On June 6, 2016, Rabichev was sentenced for his role in the health care fraud conspiracy. United States v. Rabichev, No. 15-263, Docket No. 27.  Rabichev was ordered to pay $621,733.72 in restitution, joint and several liability with Custer.  See id.

The following day, June 7, 2016, the United States filed a motion to Amend or Correct the Judgment to Include Specified Restitution [Docket No. 27] in Custer's Judgment and Commitment Order.  The United States seeks to amend Custer's judgment to include restitution to the victims identified in the Rabichev judgment.  Custer opposes amending the judgment. See Mot. Amend/Correct Judgment: Re: Restitution [Docket No. 28].

At Custer's sentencing, the issue of restitution was expressly deferred until Rabichev's

case was resolved. While the Mandatory Victims Restitution Act provides a window of 90 days for a district court to determine victim losses, the Supreme Court has held that when the sentencing court makes clear prior to the deadline that it would order restitution, the 90-day deadline does not preclude the court's authority to later order restitution. Dolan v. United States, 560 U.S. 605, 607–08 (2010).

Custer does not challenge the Court's authority to impose restitution, but rather argues that the amount of restitution is inappropriate given Custer's financial and personal circumstances. These arguments, however, were previously raised and rejected at sentencing and are again rejected here. The judgment will be amended to reflect that the $621,733.72 in restitution is joint and several liability with Rabichev for their convictions in the underlying health care fraud.

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that the United States of American's Motion to Amend or Correct the Judgment to Include Specified Restitution [Docket No. 27] is **GRANTED** and Richard Wayne Custer's Motion to Amend/Correct Judgment: Re: Restitution [Docket No. 28] is **DENIED.**

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: June 29, 2016.